**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>Jan N. Evola,<br><br>Debtor. | Case No.: 25-17633-ABA<br><br>Hearing Date: October 20, 2026, at 2 p.m.<br><br>Judge: Andrew B. Altenburg, Jr. |

## MEMORANDUM DECISION

Before this court is the Cross Motion re: Violation of the Stay (the "Cross Motion") filed by the Debtor, Jan N. Evola. Doc. No. 133-1. The Cross Motion seeks an order allowing the Debtor to recover actual damages, attorney's fees and litigation expenses, consequential damages arising from wrongful enforcement activity, and punitive damages from U.S. Bank Trust, National Association, not in its individual capacity, but solely as owner trustee for RCF 2 Acquisition Trust ("U.S. Bank"). For all of the following reasons, the Cross Motion is denied without prejudice.

## JURISDICTION AND VENUE

This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (G), and the court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334, 157(a), and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended on September 18, 2012, and June 6, 2025, referring all bankruptcy cases to the bankruptcy court. The record is now closed, and pursuant to Federal Rule of Bankruptcy Procedure 7052, the court issues the following findings of fact and conclusions of law.

## PROCEDURAL HISTORY

The Facts and Procedural History set forth in the court's Memorandum Decision Granting Stay Relief, Doc. No. 164, are hereby adopted and incorporated into the Order Denying Cross Motion and this accompanying memorandum decision.

The pertinent facts here are as follows: on October 10, 2025, the court entered an order granting *in rem* prospective relief from the automatic stay with respect to the Property in favor of Wilmington and its successors (the "First Stay Relief Order"). Doc. No. 51. The court's decision to grant stay relief to Wilmington was based upon the arguments before it and evidence provided through the submission of the underlying mortgage loan documents and assignments, the foreclosure judgment, and the sheriff's deed to Wilmington. No other argument or evidence was presented. Doc. Nos. 50, 51 (Oral Stay Relief Opinion and Stay Relief Order). Accordingly,

because the Debtor did not have any legal or equitable interest in the Property, relief from stay was warranted. The court dismissed the Debtor's arguments noting that those arguments ignore, *inter alia*, the fact that the foreclosure judgment and assignment to Wilmington preceded the Ditech Bankruptcy filing; the issues raised should have been brought before the state court where the Debtor and her husband fully participated; and the court must give the New Jersey foreclosure judgment preclusive effect. In sum, Wilmington demonstrated that it was the successful purchaser at sheriff's sale and that the sheriff's deed was issued in its name and further that the Debtor had not set aside the foreclosure judgment or sheriff's sale. The First Stay Relief Order specifically provided "It is further ORDERED that the movant, its successors or assignees, may proceed with its rights and remedies under the terms of the subject mortgage and pursue its state court remedies…." Doc. No. 51 at 3. The Debtor did not appeal the First Stay Relief Order.

Following the issuance of the stay relief order, Wilmington advised the court that ownership of the Property had been transferred to U.S. Bank. On March 17, 2026, counsel for U.S. Bank raised the issue that Wilmington arguably lacked standing to seek stay relief at the time it did so (Doc. No. 117) and thereafter submitted an Order pursuant to the 7-day Rule voluntarily vacating the Stay Relief Order, without prejudice to the right of U.S. Bank to seek the same relief. That order was entered on April 9, 2026. Doc. No. 121.

On April 24, 2026, U.S. Bank filed its Stay Relief Motion seeking prospective *in rem* relief from the automatic stay with regard to the Property. Doc. No. 128. On May 12, 2026, Debtor filed the Cross Motion for alleged violations of the automatic stay. Doc. No. 133. The Cross Motion is supported by a certification from Mr. Landau, not the Debtor. On May 13, 2026, U.S. Bank requested an adjournment of the Stay Relief Motion to allow it to address the issues raised in the Cross Motion.

On May 26, 2026, the Debtor filed a Motion for Withdrawal of Reference. Doc. No. 140. On May 28, 2026, this court stayed consideration of the Stay Relief Motion and the Cross Motion until the District Court decided the Motion for Withdrawal of Reference. 5/28/26 Text Order. On September 1, 2026, the District Court denied the Debtor's Motion for Withdrawal of Reference. Doc. No. 153. The court immediately scheduled a status hearing for September 15, 2026. On September 14, 2026, Mr. Landau contacted the court via telephone requesting an adjournment of the status conference. Because Mr. Landau was unable to attend the status conference, on September 15, 2026, the court docketed a Text Order in which it determined, *inter alia,* that the status conference was no longer necessary, and no appearances would be required. Instead, the court issued a scheduling order directing U.S. Bank to file an opposition to the Cross Motion and scheduled oral argument for October 20, 2026, at 2 p.m. U.S. Bank filed its Opposition to the Cross Motion. Doc. No. 163. A hearing was held on October 20, 2026. The record is closed, and the matter is ripe for adjudication.

## THE PARTIES' ARGUMENTS

In the Cross Motion, the Debtor relies upon 11 U.S.C. § 362(a) and (k) and 11 U.S.C. § 105(a) to assert a claim for willful violation of the automatic stay. The Debtor alleges that U.S. Bank had notice of her bankruptcy proceedings yet continued to intentionally pursue eviction

proceedings. The Debtor asserts that this conduct was willful because U.S. Bank knew of the Debtor's bankruptcy. Doc. No. 133-1 at 13. The Debtor argues that Wilmington obtained stay relief when it was not the proper party in interest as acknowledged by U.S. Bank in the March 17, 2026 letter. Thus, U.S. Bank's post stay relief eviction efforts were not lawfully authorized. The Debtor contends that because stay relief was not obtained by the proper party the stay relief order was not valid and the automatic stay remained in effect. Doc. No. 133-1 at 14. The Debtor alleges that U.S. Bank's subsequent eviction actions constituted violations of Section 362(a). The Debtor argues that U.S. Bank's continued pursuit of eviction after it discovered Wilmington lacked party-in-interest standing when stay relief was obtained was willful and deliberate and sufficient to support sanctions. *Id.* at 14-15. The Debtor claims U.S. Bank's actions caused her substantial financial, emotional, and physical harm including attorneys' fees incurred in responding to the eviction efforts, and emotional and physical distress arising from the threat of losing her residence. The Debtor asserts that U.S. Bank's activities were so egregious that punitive damages are justified. *Id.* (citing *In re Atlantic Bus. & Cmty. Dev. Corp.*, 901 F.2d 325, 329 (3d Cir. 1990) and *In re Lansaw*, 853 F.3d 657, 667-70 (3d Cir. 2017)).

In its Response to the Cross Motion, U.S. Bank notes the Debtor does not specifically identify any particular actions taken by U.S. Bank that violated the automatic stay and vague assertions of eviction activities are not sufficient to establish liability. U.S. Bank asserts the Debtor has failed to establish damages because she did not provide any evidence substantiating the claim to damages. U.S. Bank argues the Debtor has not provided any analysis of the legal standards governing the recovery of emotional distress damages, attorneys' fees, or any other damages under Section 362(k).

U.S. Bank argues a violation of the automatic stay did not occur because the Property was not property of the Debtor's estate as a result of the extinguishment of the Debtor's legal and equitable interest following entry of the foreclosure judgment, conduct of the sheriff's sale, and the delivery of the sheriff's deed. U.S. Bank asserts that a debtor who merely resides in a property without an underlying legal entitlement to occupy the property is not protected by the automatic stay. Doc. No. 163 at 7-8 (citing *Twin Rivers Lake Apartments Horizontal Property Regime, Inc. v. Wallner*, 2006 WL 2023188 (D.N.J. July 18, 2006)).

U.S. Bank contends it did not commit a willful stay violation because it acted with a good faith belief that the stay was inapplicable. Doc. No. 163 at 8 (citing *University Medical Center*, 973 F.2d 1065 (3d Cir. 1992) and *In re Aleckna*, 13 F.4th 337 (3d Cir. 2021) (recognizing that while the general principle that good faith is not a defense to a willful stay violation a party may still find a defense when it reasonably concludes that the stay does not exist or apply)). U.S. Bank argues it properly relied upon this court's previous determination that the Debtor did not possess any legal or equitable interest in the Property. U.S. Bank was also justified in relying upon a stay relief order which was in effect at the time of the alleged eviction activities. Thus, even if the automatic stay applied, the Debtor cannot establish a willful violation.

## DISCUSSION

Section 362(k) of the Bankruptcy Code provides, in relevant part, that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." To recover damages for a willful violation of the stay under 11 U.S.C. § 362(k), a debtor must show, by a preponderance of the evidence, that:

> (1) a violation of the stay occurred;
> (2) the creditor had knowledge of the bankruptcy case when acting; and
> (3) the violation caused actual damages.

*In re Cherry-Crockette*, No. 25-21600-VFP, 2026 WL 1450854, at *9 (Bankr. D.N.J. May 20, 2026) (citing *In re Kaushas*, 616 B.R. 57, 62 (Bankr. M.D. Pa. 2020)). Under § 362(k), conduct that violates the automatic stay is willful if the creditor knew of the stay and if the creditor's conduct that violated the automatic stay was intentional. *Cherry-Crockette*, 2026 WL 1450854, at *9.

The Debtor here has failed to carry her burden. Debtor, through Mr. Landau, has alleged that U.S. Bank violated the automatic stay by pursuing eviction proceedings. The Debtor has not provided the court with any information regarding these alleged eviction activities including the dates on which the activities took place or what actions were taken or activities occurred. The exhibits attached to the Cross Motion relate to activities that occurred prepetition and such activities are not grounds to find a stay violation. Mr. Landau's Certification states:

> 9. Despite those admissions, Movants continued pursuing enforcement activity affecting Debtor's residence, including eviction and possession-related proceedings.
> 10. U.S. Bank never independently moved for relief from the automatic stay before pursuing such enforcement activity.
> 11. As a result, Debtor was forced to retain counsel and incur substantial legal fees and expenses to oppose eviction efforts, seek emergency relief, and litigate issues concerning standing, stay relief, and enforcement authority.
> 12. Debtor and her family also suffered substantial emotional and physical distress arising from the continued threat of eviction and loss of possession of their residence.

Doc. No. 133-2 at ¶¶ 9-12. At oral argument on October 20, 2026, Mr. Landau alleged that he received a telephone call from the Debtor because sheriffs had shown up at the Property. Mr. Landau was unable to provide an exact date but estimated that it was within the last six weeks. These vague, nonspecific allegations made by Mr. Landau unsupported by a certification of the Debtor or other evidence that eviction activities were conducted are not a proper basis for finding that a stay violation occurred.

Section 362(k) allows for the award of damages to a debtor who was injured because of a stay violation. *In re Toppin*, 645 B.R. 773, 790 (E.D. Pa. 2022) (actual injury is a condition

precedent for award of attorney's fees); *In re Whitt*, 79 B.R. 611, 615-16 (Bankr. E.D. Pa. 1987) ("[T]he violation of the stay, by itself, does not support an award of damages and attorney's fees. Thus, . . . no damages will be awarded as a result of the violation of the automatic stay. . . if there was no evidence that the debtor suffered any harm.")) (other citations omitted). Pursuant to section 362(k), "[a]ctual damages are amounts awarded . . . to compensate for a proven injury or loss; damages that repay actual losses." *In re Manley Toys Ltd.*, No. 16-15374-JNP, 2018 WL 1033426, at *7 (Bankr. D.N.J. Feb. 14, 2018), *aff'd*, No. 18-11465-RMB, 2019 WL 3229301 (D.N.J. July 18, 2019) (quoting *In re Dean*, 490 B.R. 662, 667-68 (Bankr. M.D. Pa. 2013)) (other citations and internal quotation marks omitted).

Here, the Debtor has failed to support her claim for damages. The Debtor did not provide a certification on personal knowledge or any other evidence to support her claims of emotional distress and Mr. Landau's bare assertions that Debtor and her family suffered substantial physical and emotional distress are insufficient to meet the Debtor's burden. Regarding the claim for actual damages such as attorney's fees, the Debtor did not provide time records to show how much time an attorney devoted to the alleged eviction activities or how much in fees an attorney charged the Debtor. In fact, Mr. Landau indicated at the hearing that no fees had been charged. Based upon the record before the court, any award of damages would be purely speculative. *In re Manley Toys Ltd.*, 2018 WL 1033426, at *7 ("A damages award under section 362(k) cannot be based on mere speculation, guess, or conjecture.") (citing *In re Dean,* 490 B.R. at 667-68).[1]

## CONCLUSION

Accordingly, for all of the foregoing reasons, the Debtor's Cross Motion shall be denied without prejudice.

Dated: November 4, 2026

/s/ Andrew B. Altenburg, Jr., Judge
United States Bankruptcy Court

---

[1] Because the court has determined that the Cross Motion should be denied for failure to prove a stay violation occurred and failure to prove actual damages, the court will not address U.S. Bank's other arguments.